# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By MGarcia at 8:55 am, Mar 23, 2020*

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CASE NO.: 2:19-cr-5 |
| CHARLES HYDE, | |
| Defendant. | |

## O R D E R

This matter is before the Court on Defendant Charles Hyde's Motion to Proceed Pro Se, doc. 270, and Second Motion to Proceed Pro Se, doc. 271. The Court held an Attorney Inquiry Hearing on March 18, 2020. After hearing from the parties, and after careful consideration and for good cause shown, Defendant's Motions, docs. 270 and 271 are **GRANTED**. The Court conducted a Faretta hearing, pursuant to Faretta v. California, 422 U.S. 608 (1975), subsequent to the Attorney Inquiry Hearing and the Court found that Defendant voluntarily and intelligently exercised his constitutional right to self-representation. Defendant is allowed to proceed *pro se* and CJA Counsel Adrienne Browning is now appointed as standby counsel for Defendant Charles Hyde. The Clerk of Court is hereby instructed to update the docket to reflect that Defendant Charles Hyde is proceeding *pro se* and Defense Counsel Adrienne Browning is standby counsel.

At the hearing, the Court conducted an extensive Faretta colloquy and outlined the role standby counsel would play for the *pro se* Defendant in this case. The Court instructed Defendant that standby counsel, if appointed or retained, would primarily serve as an observer who could offer some advice but would not speak on his behalf or act as his counsel. The Court

informed the Defendant and Ms. Browning that, as standby counsel, Ms. Browning should be ready to step in to represent Defendant, if he later invokes his right to counsel. Importantly, the Court relayed that standby counsel would not play a hybrid role by representing Defendant in some respects but not others, such as cross-examining certain witnesses while Defendant cross-examined others. The Court finds it prudent to further explain standby counsel's role in this case.

## DISCUSSION

The Sixth Amendment ensures both the right to counsel and the right to self-representation. Faretta, 422 U.S. at 807. These rights are generally exclusive of one another—assertion of the right to self-representation amounts to waiver of the right to counsel. See, e.g., McKaskle v. Wiggins, 465 U.S. 168, 183 (1984) (rejecting a right to "hybrid representation" where a defendant is both self-represented and represented by counsel but noting a district court may allow it); Faretta, 422 U.S. at 835 ("When an accused manages his own defense, he relinquishes, as a purely factual matter, many of the traditional benefits associated with the right to counsel."). If the accused foregoes the right to counsel and elects to proceed *pro se*, the trial court may appoint standby counsel, even over the accused's objection, to protect the integrity of the court, to aid the accused when needed, and to be available for representation if the accused later invokes his or her right to counsel. Faretta. 422 U.S. at 834 n. 46; see United States v. Knowles, 66 F. 3d 1146, 1160 (11th Cir. 1995) (standby counsel can prevent prejudice in a trial involving *pro se* and represented defendants). It is the law of the Eleventh Circuit "that the right to counsel and the right to proceed *pro se* exist in the alternative and the decision to permit a defendant to proceed in a hybrid fashion rests in the sound discretion of the trial court." United States v. LaChance, 817 F.2d 1491, 1498 (11th Cir. 1987) (citations omitted). Accordingly, the

trial court also has broad discretion to define "what, if any, assistance standby, or advisory, counsel may provide a defendant conducting his own defense." United States v. Lawrence, 161 F.3d 230, 253 (4th Cir. 1998) (citation omitted). Where hybrid counsel is permitted, the division of responsibilities between standby counsel and defendant become blurred, often resulting in the denigration of the defendant's right to represent herself or himself.

In this case, standby counsel shall perform only a consultative, and if necessary, substitute role. See McKaskle, 456 U.S. at 183-84 (standby counsel is there to "ensure compliance with basic rules of courtroom protocol and procedure," assist in "overcoming routine obstacles," and "relieve the judge of the need to explain and enforce basic rules."). As stated at the March 18, 2020 Faretta hearing, standby counsel is not full-fledged counsel and will not serve a hybrid role or bear any responsibility in a *pro se* Defendant's course of defense. See Faretta, 422 U.S. at 834 n.46; see also United States v. Taylor, 933 F.d 307 312-23 (5th Cir. 1991) (the role of standby counsel is "akin to that of an observer, an attorney who attends the trial or other proceedings and who may offer advice, but who does not speak for the defendant or bear responsibility for his defense"). Standby counsel's role includes attending hearings and being prepared to step in to fully represent Defendant if he later invokes his right to counsel.

The role of standby counsel is limited to answering the *pro se* Defendant's questions and providing other assistance, but standby counsel will not be participating directly in any hearings or the trial of the case. While standby counsel will be available to answer the *pro se* Defendant's questions, the *pro se* Defendant will solely make all of decisions concerning his defense, including any and all strategy and tactical decisions. The *pro se* Defendant alone is responsible for the preparation and presentation of his case. Thus, standby counsel is not an advocate and will play no advocacy role in hearings, pleadings, or at trial. To that end, standby counsel's role

shall be limited to the following: (1) to consult with the *pro se* Defendant before and after court proceedings and during breaks in court proceedings; (2) to sit with the *pro se* Defendant at counsel's table and provide "elbow advice" directly to Defendant during court proceedings; (3) to assist *pro se* Defendant in adhering to courtroom protocol and procedure;[1] (4) to serve as an intermediary between the Government's counsel and the *pro se* Defendant; and (5) to facilitate where necessary, *pro se* Defendant's receipt of filings and other communications delivered to counsel." Standby counsel may not: offer any unsolicited advice, participation, or assistance; (2) speak on behalf of the *pro se* Defendant outside of or during courtroom proceedings, except to act as an intermediary in communications between the Government's counsel and the *pro se* Defendant;[2] or (3) file any pleadings, including any motions, objections, or requests to charge the jury, on behalf of the *pro se* Defendant. Outside of the parameters, standby counsel is to attend all hearings in order to remain prepared to step in without delay as full-fledged counsel if necessary.

Should standby counsel or the *pro se* Defendant seek any clarity regarding standby counsel's role in this case, they should seek that clarity through a written motion well in advance of trial. In the event a *pro se* Defendant seeks assistance from standby counsel beyond the permitted functions set forth above, Defendant must file a motion directly informing the Court of the specific function requested and explaining why the Defendant cannot perform that function himself. The Court will then determine on a case-by-case basis whether any requested, specific function will be permitted.

---

[1] For example, standby counsel may assist the *pro se* Defendant in handling documentary exhibits, voir dire, and juror strikes. Standby counsel may also assist the *pro se* Defendant in approaching the bench, but standby counsel should not attend bench conferences without the Defendant.

[2] To be clear, standby counsel shall not question any witnesses, proffer any evidence, make any oral argument (including opening statements or closing arguments), or lodge any evidentiary objections on behalf of the *pro se* Defendant.

4

**CONCLUSION**

The Court reiterates and underscores that the *pro se* Defendant represents himself in this case without counsel and must adhere to applicable rules and procedures. The *pro se* Defendant may or may not seek or heed the advice of standby counsel. The Court limits standby counsel in the manner set forth above in order to maintain an orderly trial process, protect the *pro se* Defendant's Sixth Amendment and Faretta rights, and preserve the dignity and decorum of the courtroom proceedings.

Due to the change in representation in this case, the *pro se* Defendant shall have up to and including March 28, 2020 to file any additional pretrial motions, including filing a supplement to the pending motion to suppress. The Government must file any response to any additional pretrial motion within 10 days of the date the additional motion is filed. This additional time shall be excluded from the speedy trial calculations. The ends of justice served by the brief continuance will enable both sides to adequately prepare and far outweigh the interest of the public and the defendant in a more speedy trial. After considering the factors set forth in 18 U.S.C. § 3161(h)(7)(8) and finding just cause, any additional time necessitated by the brief continuation will be excludable under the Speedy Trial Act.

**SO ORDERED**, this 23rd day of March, 2020.

BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA