IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHARLES HYDE, | CASE NO.: 2:19-cr-5 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss for Failure to Prosecute. Doc. 387. The Government filed a Response. Doc. 389. For the reasons set forth below, I **RECOMMEND** the Court **DENY** Defendant's Motion.

### BACKGROUND

Defendant has been charged in a multi-defendant indictment with: conspiracy to possess with intent to distribute and distribute controlled substances, in violation of 21 U.S.C. § 846; possession with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. § 841(a)(1); possess with intent to distribute a controlled substance (marijuana), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Doc. 1. On February 8, 2019, the Court appointed James Smith to represent Defendant. Doc. 6. On March 4, 2019, Mr. Smith filed a number of motions on Defendant's behalf, including motions for discovery, to dismiss, and to participate in voir dire. Docs. 16–36. Defendant filed a motion for substitution of counsel and to proceed pro se on March 22, 2019, doc. 61, but he later moved to withdraw that motion, which

the Court granted after a hearing on April 3, 2019. Docs. 96, 99. By Order dated April 26, 2019, the Court determined Defendant should undergo psychological evaluation to determine his competency to stand trial upon counsel's April 24, 2019 motion. Doc. 127. This Court received Defendant's psychological report on August 9, 2019, doc. 206. I issued a Report recommending the Court find Defendant competent to stand trial on September 19, 2019, which the Court adopted on September 30, 2019. Docs. 211, 214. Upon Defendant's motion, the Court granted a continuance in these proceedings and allowed additional time for filing pretrial motions, finding the ends of justice outweighed the best interests of Defendant and the public for a speedy trial. Doc. 217.

Defendant then filed a motion to appoint new counsel. Doc. 220. After a hearing on the matter, the Court granted Defendant's motion, appointed Adrienne Browning as Defendant's new counsel, and allowed additional time for new counsel to file additional pretrial motions, specifically excluding this time under the Speedy Trial Act. Doc. 230. Ms. Browning filed several pretrial motions, two of which she later moved to withdraw. Docs. 233–37, 247. Ms. Browning also filed a motion to suppress evidence obtained by search warrant on February 3, 2020. Doc. 252. Defendant was then charged in a superseding indictment on February 6, 2020, with: conspiracy to possess with intent to distribute and to distribute controlled substances (methamphetamine), in violation of 21 U.S.C. § 846; possession with intent to distribute a controlled substance (methamphetamine and marijuana), in violation of 21 U.S.C. § 841(a)(1); possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g)(1); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k); and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c). Doc. 257.

On March 17, 2020, Chief Judge J. Randal Hall issued a Standing Order in light of the COVID-19 pandemic and specifically excluded the period of March 17, 2020 to April 17, 2020, under the Speedy Trial Act.  Doc. 274.  During this time, the Court granted Defendant's motion to proceed pro se but directed Ms. Browning remain as standby counsel and provided Defendant with additional time to file pretrial motions.  Doc. 279.  Defendant filed his own motion to suppress.  Doc. 281.  The Court denied Defendant's motions over his objections on May 7, 2020.  Docs. 286, 297, 299.  Chief Judge Hall issued several other Standing Orders, resulting in the exclusion of time under the Speedy Trial Act of the following periods: April 17, 2020 through and including May 31, 2020; June 1, 2020 through and including November 30, 2020; December 1, 2020 through and including January 31, 2021; February 1, 2021 through and including March 31, 2021.  Doc. 291, 300, 304, 306, 325, 334, 356.

Prior to the issuance of some of the Standing Orders, the Honorable Lisa Godbey Wood set this case for trial to begin March 9, 2021.  Dkt. entry date Dec. 21, 2020.  Judge Wood conducted a pretrial conference on March 1, 2021, and reset the trial date for April 13, 2021.  Doc. 373; Dkt. entry dated Mar. 2, 2021.  The United States filed an unopposed motion to amend the trial date, noting Defendant was not opposed to a reasonable continuance.  Doc. 379.  The Court granted this motion and rescheduled Defendant's trial to begin June 1, 2021.  Doc. 381.  In addition, Chief Judge Hall entered another Standing Order, excluding for speedy trial purposes April 1, 2021 through and including May 31, 2021.  Doc. 386.

Just a few days later, Defendant filed the instant Motion to Dismiss based on an alleged failure to prosecute.  Doc. 387.  The Government filed a Response.  Doc. 389.  Defendant's Motion is ripe and ready for review.

**DISCUSSION**

Defendant contends his right to a speedy trial and "all the other constitutional violations" show "a pattern of abuse, depriving him of constitutional guarantees." Doc. 387 at 1. Defendant notes he has been housed at the Liberty County Jail for over three years and claims he has been subjected to abuse, though he fails to provide any details about what abuse occurred or when. According to Defendant, any further delay in his trial would assure he has no rights, and he wants to be sent to prison after having accepted responsibility for his actions; however, it is unclear what Defendant means when he says he has accepted responsibility. Id. at 2. Defendant asks that his trial be allowed to proceed beginning April 13, 2021. Id.

In Response, the Government states Defendant's substantive evidentiary motions, several requests to replace or terminate counsel, to file pro se, additional, and out-of-time motions, and psychological evaluation have resulted in "repeated periods of excludable delay . . . ." Doc. 389 at 5.[1] The Government also states periods of excludable delay resulted from consideration of plea agreements with Codefendants, and events concerning Terry Hyde (Defendant's brother and a Codefendant in this case), including Terry Hyde's removal from the Middle District of Florida, his unavailability after he failed to appear, and his placement in fugitive status. Id. The Government notes the applicable 70-day period has not run as to Defendant. Id. Further, the Government asserts Defendant agreed to this continuance through standby counsel and cannot renege on this agreement and demand a trial day to begin just eight days after he filed the instant Motion. Id. at 5–6.

---

[1] Indeed, Defendant filed a motion for leave to file additional pretrial motions a mere nine days after he filed this Motion. Doc. 390.

**I.    Whether the Speedy Trial Act Clock has Expired**

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."  18 U.S.C. § 3161(c)(1).  "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of the defendant[.]"  § 3161(h)(1)(A).  Also excluded is any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" § 3161(h)(1)(D).  Further excludable is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."  § 3161(h)(1)(H).  Another period of time excludable is one "resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A). A violation of this Act will result in the dismissal of the indictment on motion, and a defendant has the burden of demonstrating dismissal is warranted.  § 3162(a)(2).

In this case, the speedy trial time and exclusions are set forth as follows:

### A.    Start of the Speedy Trial Act Clock

As noted above, the speedy trial clock began to run on the later date of Defendant appearing before the Court or the filing of the indictment.  § 3161(c)(1).  The indictment against Defendant was filed on February 6, 2019, doc. 1, and I conducted Defendant's initial appearance and arraignment on March 11, 2019, doc. 38.  Thus, the speedy trial clock began on March 11, 2019.[2]

### B.    March 4, 2019 to December 9, 2019

Defendant's former counsel filed several pre-trial motions on Defendant's behalf on March 4, 2019, before his first appearance before the Court.  Docs. 16–36.  In addition, Defendant filed a pro se motion to suppress and a motion to substitute counsel and to proceed pro se on March 22, 2019.  Docs. 60, 61.  The Government filed responses to counsel's motions on April 1, 2019.  Docs. 72–90.  The Court conducted a hearing on Defendant's motion to substitute counsel on April 3, 2019, during which Defendant moved to withdraw his motion.  Docs. 96, 98, 99.  On April 24, 2019, the Court conducted a hearing on Defendant's pending pre-trial motions, and Defendant's counsel made an oral motion for Defendant to undergo psychological examination.  Docs. 111, 126.  The Court granted this motion and noted Defendant's pre-trial motions would remain pending but would be addressed after Defendant's examination was completed.  Docs. 111, 127.  Defendant's psychological examination process

---

[2]    The Government filed a superseding indictment against this Defendant on February 6, 2020. Doc. 257.  However, the "filing of a superseding indictment does not reset the Speedy Trial Act clock for charges that were included in the original indictment."  United States v. Ellis, 789 F. App'x 163, 166 (11th Cir. 2019) (citing United States v. Young, 528 F.3d 1294, 1295–97 (11th Cir. 2008)).  The charges in the superseding indictment against Defendant do not differ from those in the original indictment. Compare Doc. 1 with Doc. 257.

concluded on September 30, 2019, when Judge Wood adopted my recommendation Defendant be found competent to stand trial.[3]  Doc. 214.  The Court then scheduled a hearing on Defendant's pre-trial motions for October 15, 2019, dkt. entry dated Oct. 4, 2019, and Defendant's counsel filed a consent motion for continuance and for filing additional motions on October 11, 2019.  Doc. 216.  By Order dated October 15, 2019, the Court granted this motion, allowing Defendant until November 14, 2019, to file additional pre-trial motions, rescheduling the hearing on these pre-trial motions to December 3, 2019, and finding the ends of justice outweigh the best interests of the public and Defendant in a speedy trial.  Doc. 217.  The Court rescheduled this hearing for December 9, 2019.  Dkt. entry dated Nov. 20, 2019.  On November 7, 2019, Defendant filed a motion to appoint new counsel, and the Court noted it would address this issue during the December 9, 2019 hearing.  Doc. 221.  After Defendant's former counsel filed a notice indicating all pre-trial motions had been resolved on December 6, 2019, the Court denied as moot all pre-trial motions on December 9, 2019.  Doc. 226.  The time from the pendency of pre-trial motions, including other excludable time for Defendant's psychological examination proceedings, to the Court's final disposition of these motions resulted in an excludable period from March 4, 2019 to December 9, 2019. § 3161(h)(1)(A), (D), (H), (h)(7).

### C.     April 24, 2019 to September 30, 2019

On April 24, 2019, Defendant's former counsel made an oral motion for Defendant to undergo a psychological evaluation.  Doc. 126.  In granting the motion, the Court found "the ends of justice [will be] served by excluding time under the Speedy Trial Act [and] outweigh the best interests of the public and the Defendant in a speedy trial."  Doc. 127 at 2.  The Court received Defendant's evaluation on August 9, 2019.  Doc. 206.  The Court adopted my

---

[3]     As discussed in § I(C), this resulted in an overlapping excludable time from April 24, 2019 to September 30, 2019.  § 3161(h)(1)(A).

September 9, 2019 Report and Recommendation Defendant be found competent to stand trial on September 30, 2019. Docs. 211, 214. This period is excludable from the speedy trial clock calculation. § 3161(h)(1)(A).

### D. December 10, 2019 to December 23, 2019

On December 9, 2019, the Court conducted a hearing on Defendant's motion for new counsel. Doc. 227. On December 10, 2019, the Court granted Defendant's motion and appointed Adrienne Browning, who is currently serving as standby counsel, as Defendant's new attorney. Doc. 230. The Court allowed Ms. Browning until December 23, 2019, to file any additional pre-trial motions and specifically excluded these 14 days from speedy trial calculations based on an ends of justice finding. Id. Thus, these 14 days are excludable from the speedy trial calculation. § 3161(h)(7).

### E. December 23, 2019 to March 16, 2020

On December 23, 2019, Ms. Browning filed pre-trial motions, including a motion for leave to file additional motions. Docs. 233–37. Prior to this, Defendant submitted a request to proceed pro se on December 20, 2019. Doc. 241. The Court scheduled a hearing on these matters for February 10, 2020. Docs. 239, 242. The Government responded to two of Defendant's motions on January 10, 2020, docs. 243, 244, and Ms. Browning filed a motion to withdraw two of her pre-trial motions on January 17, 2020. Doc. 247. Counsel then filed a motion to suppress the search warrant on February 3, 2020, and the Government filed its response the following day. Docs. 252, 254. After the February 10, 2020 hearing, the Court granted Defendant's three pre-trial motions on February 11, 2020, and noted it would take the motion to suppress under advisement. Docs. 264, 267. While the motion to suppress was still under advisement, Defendant once again filed two motions to proceed pro se on March 4 and 9,

2020.  Docs. 270, 271.  Those motions were under consideration at least up through March 16, 2020.  This entire period is excludable under a speedy trial calculation.  § 3161(h)(1)(D), (H).

### F.	March 17, 2020 to May 31, 2021

On March 17, 2020, Chief Judge Hall issued the first in a series of Standing Orders due to the COVID-19 pandemic, specifically excluding March 17 to April 17, 2020, from the Speedy Trial Act based on the ends of justice finding under § 3161(h)(7)(A).  Doc. 274 at 2–3.  However, Judge Hall specified criminal matters before Magistrate Judges (i.e., almost any pre-trial proceedings) were to continue.  Id. at 3.  Chief Judge Hall issued Standing Orders on April 16, 2020, May 21, 2020, and June 26, 2020, specifically excluding from speedy trial calculations under § 3161(h)(7)(A) the periods of: April 17, 2020 to May 31, 2020; June 1, 2020 to June 30, 2020; and July 1, 2020 to July 31, 2020.  Docs. 291, 300, 304.  In addition, Chief Judge Hall issued Orders on July 28, 2020, September 24, 2020, November 30, 2020, February 1, 2021, and March 31, 2021, resulting in the exclusion from speedy trial calculations under § 3161(h)(7)(A) of August 1, 2020 to May 31, 2021.  Docs. 306, 325, 334, 356, 386.

Judge Hall's Orders serve to exclude the entire period of March 17, 2020 through May 31, 2021, from speedy trial calculations, even if he had not specifically found these periods to be excludable so under § 3161(h)(7)(A).  "Many courts have noted the Speedy Trial Act permits these exclusions of time in light of the serious health risks posed by conducting a jury trial during a pandemic."  United States v. McRae, No. 1:19CR125, 2021 WL 359258, at *2 (S.D. Ga. Jan. 19, 2021) (collecting cases standing for proposition trial continuances related to COVID-19 pandemic do not violate Speedy Trial Act), *report and recommendation adopted*, 2021 WL 354423 (S.D. Ga. Feb. 2, 2021).  "Notably, courts have excluded time under the Speedy Trial Act in similar emergency conditions resulting in widespread societal impact."  Id.

at *3 (citing United States v. Scott, 245 F. App'x 391, 394 (5th Cir. 2007) (affirming exclusion of time following Hurricane Katrina); Furlow v. United States, 644 F.2d 764, 768 (9th Cir. 1981) (affirming exclusion of time following Mount St. Helens eruption); and United States v. Correa, 182 F. Supp. 2d 326, 329 (S.D.N.Y. 2001) (excluding time following September 11, 2001 terrorist attacks)).  Of the time not covered under Judge Hall's Orders (i.e., March 17, 2020 through May 31, 2021), there are no days of the 70-day period under the Speedy Trial Act which have elapsed, as noted.

### G.  March 18, 2020 to May 7, 2020

The Court conducted a hearing on Defendant's motions to proceed pro se on March 18, 2020, and granted these motions on March 23, 2020.  Docs. 277, 279.  The Court also permitted Defendant, now proceeding pro se with Ms. Browning serving as standby counsel, until March 28, 2020, to file any additional pre-trial motions and to supplement the motion to suppress which was still pending at that time.  By this same Order, the Court allowed the Government 10 days to file a response to any additional pre-trial motions and excluded this time from speedy trial calculations after an ends of justice finding.  Doc. 279 at 2 (citing § 3161(h)(7), (8)).  On March 23, 2020, Defendant submitted his motion to suppress, which was docketed on April 6, 2020.  Doc. 281.  The Government filed its response on April 7, 2020.  Doc. 283.  On April 14, 2020, I issued a Report recommending the Court deny Defendant's motion to suppress, which the Court adopted, over Defendant's objections, on May 7, 2020.  Docs. 297, 299.  This period overlaps with the time excluded based on Chief Judge Hall's Orders.  Thus, this entire period is excludable from speedy trial calculations.  § 3161(h)(1)(D), (H), (h)(7), (h)(8).

### H. March 18, 2021 to June 1, 2021

The Government filed an unopposed motion to continue or otherwise amend the trial date on March 18, 2021. Doc. 379. On March 23, 2021, Judge Wood granted this motion and continued the trial until June 1, 2021. Doc. 381. Judge Wood made an ends of justice finding under § 3161(h)(7) and determined this period would be excludable under the Speedy Trial Act. Id. This period is included in Chief Judge Hall's Standing Orders periods of excludable and represents another overlapping period of excludable time for speedy trial calculations.

As detailed above, there has been no time since Defendant first appeared before the Court on March 11, 2019, which counts toward Defendant's 70-day period under the Speedy Trial Act. § 3161(c)(1), (h). Defendant had pending motions before the Court, and he had to undergo psychological examination. There were several continuances and allowances for additional time to file motions, many of which were precipitated by Defendant. In addition, beginning on March 17, 2020 to the present (and continuing to May 31, 2021), Chief Judge Hall excluded all time for speedy trial calculations after making ends of justice findings as to each period. As zero days of the 70-day speedy trial clock have elapsed, there has been no violation of the Speedy Trial Act. Nevertheless, the Court must also determine whether the delay in conducting his trial has resulted in the violation of Defendant's constitutional rights.

### II. Whether the Delay Violates Defendant's Constitutional Rights

"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "'Because of the unique policies underlying this right, a court must set aside any judgment of conviction, vacate any sentence imposed, and dismiss the indictment if it finds a violation of the defendant's right to a speedy trial.'" United States v. Cruz, 681 F. App'x 819, 822 (11th Cir. 2017) (quoting United States v. Villarreal, 613 F.3d

1344, 1349 (11th Cir. 2010)). The Court must employ a balancing test and weigh the following four factors to determine whether a violation has occurred: "(1) the length of the delay[;] (2) the reason for the delay[;] (3) the defendant's assertion of his speedy trial right[;] and (4) prejudice borne by the defendant." Id. (quoting Villarreal, 613 F.3d at 1350; in turn citing Barker v. Wingo, 407 U.S. 514, 530 (1972)). "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, 'it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.'" McRae, 2021 WL 359258, at * 3 (quoting United States v. Schlei, 122 F.3d 944, 986 (11th Cir. 1997)).

The first factor—length of delay—"is a threshold inquiry because courts do not consider the remaining three factors unless the delay between accusation and trial crosses 'the threshold dividing ordinary from 'presumptively prejudicial' delay.'" Id. (quoting Villarreal, 613 F.3d at 1350). In this case, the length of the delay, from the February 6, 2019 federal indictment through the present, satisfies this threshold inquiry because delays exceeding one year are presumptively prejudicial. Villarreal, 613 F.3d at 1351. Additionally, a court also considers "'the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" Id. (quoting Doggett v. United States, 505 U.S. 647, 652 (1992)). Here, the length of delay weighs in favor of finding of a violation because Defendant was indicted more than 27 months ago, and there will be an additional delay of less than a month before the Court will convene Defendant's trial on June 1, 2021.

The second factor, the reason for the delay, weighs against the finding of a violation because the parties and the Court needed the time from indictment to dispose of all pretrial motions and to have Defendant sent for psychological evaluation and since March 17, 2020, the

Brunswick Division of the Court has conducted no criminal jury trials because of the COVID-19 pandemic. Chief Judge Hall found in his Standing Order "criminal proceedings generally [cannot] be conducted in person without seriously jeopardizing public health and safety . . . ." In re: The National Emergency Declared on March 13, 2020, Fourth Renewal of CARES Act Order, Standing Order, MC 121-010, Dkt. entry dated Mar. 18, 2021. As another court in this Circuit explained, "[T]he reason for the delay overwhelmingly justifies the delay. The COVID-19 global pandemic places persons' health at substantial risk when they gather in groups in relatively close proximity to one another, particularly indoors where persons are talking. A jury trial includes all of these risks for the trial participants." United States v. Crittenden, No. 4:20-CR-7, 2020 WL 5223303, at *3 (M.D. Ga. Sept. 1, 2020). Accordingly, the delay is due to no fault of the Government. Rather, the reasons for delay here are "beyond the Government's control and 'serve to justify appropriate delay.'" McRae, 2021 WL 359258, at * 3 (quoting Barker, 407 U.S. at 531).

The third factor also weighs against the finding of a violation because Defendant did not assert his speedy trial right until April 5, 2021, at the earliest, which is more than 24 months into the now 27-month delay. United States v. Dunn, 345 F.3d 1285, 1296 (11th Cir. 2003) (finding defendant "not especially diligent" in asserting speedy trial right when he waited more than 12 months following indictment before raising speedy trial claim).

Finally, the prejudice prong weighs against the finding of a violation. "Courts assess prejudice by considering three defense-related objectives of the speedy trial right: (1) preventing oppressive pretrial incarceration; (2) minimizing the defendant's anxiety and concern; and (3) limiting any impairments to the defendant's ability to defend himself at trial." McRae, 2021 WL 359258, at * 4 (citing Barker, 407 U.S. at 532). "Of these, the most serious is the last,

because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." Id. (quoting Villarreal, 613 F.3d at 1355). Where, as here, the first three factors do not all weigh in favor of a violation finding, "the defendant must demonstrate actual prejudice to succeed on a constitutional speedy trial claim." Id. (citing United States v. Machado, 886 F.3d 1070, 1081 (11th Cir. 2018)). "While 'impairment of one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony 'can rarely be shown,' [n]evertheless, our precedent requires [the defendant] to show actual prejudice because the first three Barker factors do not all weigh heavily against the government.'" Id. (quoting United States v. Neda, 710 F. App'x 807, 813 (11th Cir. 2017)).

Defendant does not meet this burden, as he alleges no actual prejudice, which alone is fatal to his Motion. Defendant states in general terms his right to a speedy trial has been violated and he is being housed "by the same individuals who assaulted[] and abused him on all levels[] from day 1 till now." Doc. 387 at 1. Defendant also states he has had COVID-19 twice and may get recreation once a month. Id. at 2. These contentions, in addition to Defendant's failure to show actual prejudice, do not warrant consideration at this time. To be sure, to the extent Defendant wishes to pursue any contention he is being subjected to unconstitutional pre-trial conditions, he cannot address those matters via the instant Motion.

Balancing all of the relevant factors, the evidence does not support a finding Defendant has been deprived of his constitutional right to a speedy trial. Of note, the day after the restrictions on criminal jury trials in this District are set to end, Defendant's case is scheduled for trial.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **DENY** Defendant's Motion to Dismiss. Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 6th day of May, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA